FILED
SUPERIOR COURT
OF GUAM

2018 MAY -8 AM 10: 19

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO.: CF0070-16** |
| vs. | |
| **JOMIN JACK CASTRO,** | **DECISION AND ORDER** |
| DOB: 11/02/1987 | (Defendant's Motion for Clinical Assessment with Adult Drug Court) |
| **DEFENDANT.** | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 22, 2018 on Jomin Jack Castro's ("Defendant") Motion for Clinical Assessment with the Adult Drug Court. The Defendant was represented by Assistant Public Defender Clyde Lemons Jr. Assistant Attorney General Matthew A. Phelps appeared on behalf of the People of Guam ("People"). Upon review of the written and oral arguments and legal authorities presented by the Parties, the Court hereby **DENIES** the Defendant's Motion for Clinical Assessment with the Adult Drug Court.

## BACKGROUND

The Defendant summarizes the factual background of this case as follows. On November 15, 2015, officers from the Guam Police Department stopped a vehicle in Dededo. Def's Mot. Clinical Assessment 2 (Feb. 6, 2018). The vehicle was driven by Jimmy Palacios Francisco, the

ORIGINAL

Co-Defendant in this case. Id. The reason for the stop was that the license plate light on the vehicle was allegedly not functioning. Id. The Defendant was a passenger in the vehicle. Id. Francisco opened the glove compartment during the traffic stop and one of the officers allegedly observed a plastic bag containing several smaller bags. Id. The Defendant and Francisco were then ordered out of the vehicle and a GPD canine was called to conduct a search of the vehicle. Id.

The canine allegedly alerted to the glove compartment. Id. Officers searched the compartment and allegedly found an altoids can which contained a substance the officers suspected was methamphetamine. Id. The officers also retrieved a scale, scissors, and packaging material from the glove compartment. Id. Francisco told the officers that the drugs in the glove compartment belonged to him. Id.

During a subsequent interview at the police station, the Defendant allegedly told an officer that the drugs he had were in a cigarette pack underneath the passenger seat. Id. The officers retrieved a cigarette pack from under the seat and found approximately two (2) grams of suspected methamphetamine. Id.

On February 2, 2016, a Superior Court of Guam Grand Jury returned an Indictment against the Defendant and Francisco. The Defendant is charged with **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony), and POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony).** Indictment 1 (Feb. 2, 2016).

On March 27, 2017, Francisco entered a plea of guilty to the charge of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony).** See J. 1 (Aug. 16, 2017). The Defendant filed the instant Motion for Clinical Assessment with the Adult Drug Court on February 6, 2018. The Court held a hearing and took this matter under advisement on February 28, 2018.

## DISCUSSION

The Defendant argues that no straws or packaging were found in the Defendant's cigarette pack and therefore the evidence of distribution against him can thus "only be based on the amount

CF0070-17 People vs. Jomin Jack Castro
DECISION AND ORDER (Defendant's Motion for Clinical Assessment with Adult Drug Court)

Page 2 of 5

and purity of the substance" found in the cigarette pack under the passenger's seat. Def's Mot. Clinical Assessment 3 (Feb. 6, 2018). The Defendant asks this Court to order that he be clinically assessed for eligibility with the Adult Drug Court ("ADC") pursuant to 9 G.C.A. § 67.412 because he is in need of treatment and the ADC program may provide services to him. Id.

The Superior Court of Guam operates the ADC program. The ADC program is a diversionary and "voluntary program that fast tracks first time drug offenders to efficiently deliver rehabilitative treatment in a judicially supervised program using sanctions and incentives. . . ."[1] At the hearing on February 28, 2018, the People did not oppose the Defendant being clinically assessed. The People only opposed any disposition of the charges against the Defendant which would include participation in ADC because the People have not found the Defendant legally eligible to participate in the program.

In support of his argument, the Defendant relies on 9 G.C.A. § 67.412(a) which provides,

> "Whenever any person who has not previously been convicted of an offense under this Act or under any statute of the United States or of any state relating to narcotic drugs, marijuana, stimulant, depressant or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under § 67.401.2(a), the Court, without entering judgement of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions. Upon violation of a term or condition, the Court may enter an adjudication of guilty and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the Court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal under this Section shall be without Court adjudication of guilt and shall not be deemed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime. Discharge and dismissal under this Section may occur only once with respect to any person."

9 G.C.A. § 67.412(a) (2017).

The Superior Court has adopted an ADC handbook which provides the following eligibility requirements for participation in the Adult Drug Court Program:

> "Potential Participants must (1) have no prior felony convictions of a drug, violent or sexual nature; (2) have no pending felony charges of violent and/or sex crimes, and no pending distribution, manufacturing, or intent to distribute charges as noted in 9 G.C.A. § 67.401(a); (3) be at least (18) years of age and a legal resident of the

---

[1] About Adult Drug Courts, available at: http://www.guamcourts.org/Adult-Drug-Court/Adult-Drug-Court.html

United States; (4) have the ability to participate in the program; and (5) have a means of transportation to the Drug Court Program."

Guam Adult Drug Court Handbook at p. 2.

The process generally starts with the People determining whether an individual is legally eligible to participate in the Program. The ADC Staff then assesses whether a potential participant is clinically eligible, which means the individual satisfies the requirements set out in the ADC Handbook. Once an individual is deemed legally and clinically eligible to participate, then the government tenders an offer for the Defendant to enter into a Deferred Plea Agreement. If accepted, the Court imposes certain treatment terms and conditions. If the Defendant abides by and completes the terms and conditions, the dismissal and/or expungement contemplated by the Deferred Plea Agreement is then addressed by the Court.

The Court finds the Defendant's reliance on Section 67.412 is thus misplaced. The plain language of the statute contemplates a first time offender charged with possession, who has no pending charges or previous convictions related to drugs. A previous controlled substance-related conviction is expressly included in the statute as a basis ineligibility for the dismissal and discharge contemplated by Section 67.412. Therefore, it follows from the plain language that a person who has a pending and unresolved charge of possession with intent to deliver is legally ineligible for dismissal and discharge under Section 67.412 because such person would have a controlled substance related conviction upon adjudication of guilt.

The ADC program requirements similarly provide that, "Potential Participants must (1) have no prior felony convictions of a drug, violent, or sexual nature; [and] (2) have . . . no pending felony charges of . . . intent to distribute. See ADC Handbook cited supra.

Therefore, the Court finds that because the Defendant has a pending felony possession with intent to deliver charge, the Defendant is legally ineligible for participation in the ADC Program. The Court further finds that 9 G.C.A. § 67.412 also provides no basis for the Defendant to demand clinical assessment by the Adult Drug Court when he does not meet the program's eligibility requirements, nor the statute's requirements for dismissal, discharge and/or expungement..

While the Court recognizes that the Defendant is receptive to some form of treatment as a means of resolving this case, the Court cannot circumvent the eligibility requirements for ADC. Rather, the Defendant should consider other options for treatment allowed under the Uniform Controlled Substances Act. For example, the Court has authority to impose treatment as a condition of probation as part of a sentence under the Uniform Controlled Substances Act. See 9 G.C.A. § 67.413. Additionally, if the Defendant is able to resolve the Possession with Intent to Deliver charge, Section 67.412 and/or the Adult Drug Court Program may still be available to him. However, the Court may only order treatment which is allowed by applicable law. Here, the Defendant is legally ineligible for ADC. Thus, the Court finds a clinical assessment for ADC would be inappropriate. Section 67.412 provides no relief to the Defendant in terms of his ineligibility for the ADC program.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion for Clinical Assessment with the Adult Drug Court.

A **criminal trial setting** and **hearing** on the Defendant's Motion and Application for Bail pursuant to 8 G.C.A. § 40.10 *et seq* for Release on Personal recognizance, is set for MAY 2 2 2018 at 10:00a.m.

SO ORDERED ___MAY 0 7 2018___ .

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Date: 5/8/18 Time: 10 30AM

Jerry T. Guer
Deputy Clerk, Superior Court of Guam